IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-03360-RPM

TIMOTHY RADLOFF,

    Petitioner,
v.

TOM CLEMENTS, Exec. Director, Colorado Department of Corrections,
DICK SMELSER, Warden, Crowley County Correctional Facility, and
JOHN W. SUTHERS, Attorney General, State of Colorado,[1]

    Respondents.

_____

ORDER FOR DISMISSAL
_____

Timothy Radloff was convicted on one felony count of sexual assault by one in a position of trust and one misdemeanor count of sexual exploitation of a child in the Pueblo County District Court, Colorado, resulting in a prison sentence of ten years to life pursuant to Colorado's Indeterminate Sentencing Act on November 18, 2005.  He filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on December 22, 2011, claiming constitutional error for a *Brady* violation.[2]  In the Answer, the respondents claimed procedural default for failure to make the claim to the state courts and that the claim should be denied on the merits because the withheld police reports would not have affected outcome of the trial by impeaching the credibility of the victim's testimony which was challenged by cross-examination and other impeaching evidence.

---

[1]These named defendants are no longer in these positions.

[2]The pleading is more appropriately termed an "application" as the term in the statute.

In his Reply, Radloff conceded the default of the *Brady* claim but asserted that there was a fundamental miscarriage of justice in the ineffectiveness of counsel in presenting a Colorado Rule of Criminal Procedure Rule 35(c) hearing based on a failure to present adequate evidence of a recantation of her testimony by the victim witness. He asked this Court to delay ruling on the merits in this case until a ruling by the Colorado Court of Appeals on the failure on a second Rule 35(c) hearing requested because of additional evidence to support the recantation by the witness and further impeachment evidence.  The stay was granted to permit supplementation of this application after that ruling. [Doc. 9].

On December 27, 2015, the applicant filed a Notice of Conclusion of State Court Proceedings. [Doc. 10].  Attached is a Colorado Court of Appeals decision announced on October 9, 2014, affirming the trial court's denial of the second Rule 35(c) motion alleging ineffective assistance of post-conviction counsel in (1) failing to have an investigator interview the victim, (2) failing to videotape the victim's recantation, (3) failing to investigate the victim's motives to "make up" her allegations and (4) failing to depose Radloff's grandmother before her death.

In his notice the applicant asked for an evidentiary hearing on these issues.

Without waiting for a supplemental application to properly raise these questions this Court set a hearing on the question of holding an evidentiary hearing.  While that may be procedurally incorrect, this application has been pending for four years and should not be delayed for additional pleadings.

The ineffectiveness of state court counsel in post-conviction proceedings shall not be a ground for relief in this proceeding, 28 U.S.C. § 2254(i) and this Court cannot

hold an evidentiary hearing on the failure of the applicant to develop the factual basis of a claim in state court proceedings unless the applicant shows that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable jury would have found the applicant guilty, 28 U.S.C. § 2254(e)(2)(B).

This is a disturbing case, particularly given the not guilty verdicts on four of the felony counts charged and the circumstances of the family relationships.  A sense of a possible miscarriage of justice does not permit this Court to grant relief.  Accordingly, it is

ORDERED that the petition is denied and this civil action is dismissed.

DATED:   January 28th, 2016

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge